IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| | |
|---|---|
| Reliance Leasing Inc., Reliance Aviation, Reliance Rentals LLC, dba Avis Rent A Car & Budget Rent A Car & Payless Rent A Car,<br><br>               Plaintiffs,<br><br>vs.<br><br>GMI Insurance, National Interstate Insurance Company,<br><br>               Defendants. | Case No.:<br><br><br>**SUMMONS** |

**THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANT:**

[¶1]   YOU ARE HEREBY SUMMONED and required to appear and defend against the complaint in this action, which is herewith served upon you, by serving upon the undersigned an answer or other proper response within twenty-one (21) days after the service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 17th day of September, 2018.

Ryan C. McCamy (ND ID # 06420)
CONMY FESTE LTD.
406 Main Avenue, Suite 200
P.O. Box 2686
Fargo, North Dakota 58108-2686
rmccamy@conmylaw.com
Phone: (701) 293-9911

EXHIBIT
A

IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| | |
|---|---|
| Reliance Leasing Inc., Reliance Aviation, Reliance Rentals LLC, dba Avis Rent A Car & Budget Rent A Car & Payless Rent A Car,<br><br>                            Plaintiffs,<br><br>        vs.<br><br>GMI Insurance, National Interstate Insurance Company,<br><br>                            Defendants. | Case No.:<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

[1]     Reliance Leasing Inc., Reliance Rentals, LLC, and Reliance Aviation, individually and doing business as Avis Rent A Car, Budget Rent A Car, and Payless Rent A Car, hereinafter the Plaintiffs, for their Complaint against the Defendants, GMI Insurance and National Interstate Insurance Company, state and allege as follows:

[2]     The Court has personal jurisdiction with respect to the Defendants because the Defendants do business within the State of North Dakota and issue insurance policies, including those at issue in this case, within the State of North Dakota.

[3]     Venue is proper because the parties transacted business in Cass County, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this county.

## PARTIES TO THE ACTION

[4]     Reliance Leasing Inc. is a registered corporation within the State of North Dakota, with its primary place of business being 1557 South University Drive, Fargo, North

1

Dakota.

[5]     Reliance Aviation is a registered trade name with the North Dakota Secretary of State, owned by Reliance Leasing Inc.

[6]     Reliance Rentals, LLC is a North Dakota limited liability company with its principal place of business being 1557 South University Drive, Fargo, North Dakota.

[7]     Reliance Leasing Inc., Reliance Aviation, and Reliance Rentals, LLC collectively do business as Avis Rent A Car, Budget Rent A Car, and Payless Rent A Car in Fargo, North Dakota.

[8]     On information and belief, GMI Insurance ("GMI") is a Pennsylvania corporation with its principal place of business in Valley Forge, Pennsylvania.

[9]     On information and belief, National Interstate Insurance Company ("National") is an Ohio company with its principal place of business at 3250 Interstate Drive, Richfield, Ohio.

### ALLEGATIONS COMMON TO ALL COUNTS

[10]    Plaintiffs are the owners and operators of rental car businesses in Cass County, North Dakota.  Plaintiffs own automobiles that are in turn rented to customers through national rental car brands Avis, Budget, and Payless.

[11]    GMI is an insurance broker for National insurance policies.

[12]    At all times relevant to this action, Plaintiffs and Defendants were parties to a contract or contracts providing commercial automobile insurance policy (the "Contract"). The Contract provided insurance coverage to the automobiles owned by Plaintiffs and rented to customers.

[13]    On or about August 31, 2016, a hail storm occurred in Cass County, North Dakota,

2

that damaged numerous automobiles covered by the Contract.

[14]   Plaintiffs promptly notified GMI and National of the storm and corresponding damage to the automobiles and initiated a claim for compensation under the Contract.

[15]   On information and belief, Defendants hired Corporate Claims Service, Inc. ("Corporate Claims"), who in turn hired Frontier Adjusters ("Frontier") to administer the claims.

[16]   Plaintiffs have been in extended contact with Defendants, Corporate Claims, and Frontier to process the claim and receive compensation under the Contract.

[17]   Plaintiffs paid over and above the policy limits to area body shops and repair facilities to repair the storm damaged automobiles.

[18]   Defendants, in turn, only paid out $422,738.23 under the Contract, as well as deducting a $25,000.00 deductible owed by Plaintiffs.

[19]   Repeatedly, the Defendants have refused to pay or discuss payment for the full loss payment under the Contract provisions, thus breaching its duty under the Contract.

[20]   The Defendants further breached the Contract with the Plaintiffs and/or acted negligently by the following actions:

     a.  Failing to respond to verbal requests and correspondence in a timely manner;

     b.  Failing to properly and timely adjust this case consistent with insurance industry standards;

     c.  Failing to provide any reasonable basis for denying remaining payment on this claim over one and a half years after the storm event;

     d.  Failing to meet its duty owed to the Plaintiffs to engage in good faith and fair dealings;

3

e.  Acting or failing to act in bad faith, breach of contract and/or negligence, which will be proven through discovery or at trial on the merits.

[21]   Pursuant to North Dakota Century Code, Title 26.1-04, the Defendants further breached their duty of good faith and fair dealing, as well as their affirmative duty to adjust claims fairly and promptly, and to make reasonable effort to settle claims with Plaintiffs by:

a.  Knowingly misrepresenting to Plaintiffs pertinent facts or policy provisions relating to coverages at issue.

b.  Failing to acknowledge directly or through their agents corporate claims with reasonable promptness pertinent communications with respect to claims arising under insurance policies.

c.  Failing to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claims arising under the Contract.

d.  Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear.

e.  Compelling Plaintiffs to institute a lawsuit to recover amounts due under the Contract where damages are clear;

f.  Attempting to settle a claim for less than the amount to which a reasonable person would have believed one was entitled by reference to written or printed advertising material accompanying or made a part of an application.

g.  Failing to affirm or deny coverage of claims within a reasonable time after proof of loss has been completed.

h.  Refusing payment of claims solely on the basis of the insured's request to do

so without making an independent evaluation of the insured's liability based upon all available information.

[22]    Pursuant to North Dakota Century Code, Chapter 26.1-04-10, the Defendants further breached their duty of good faith and fair dealing, as well as their affirmative duty to adjust claims fairly and promptly, and to make reasonable effort to settle claims with Plaintiffs by unfairly handling of communications from Plaintiffs and on their behalf.

[23]    As a result of Defendants' breach of contract, negligent misrepresentation, and bad faith, Plaintiffs have incurred damages.

## COUNT I- BREACH OF CONTRACT

[24]    The allegations of the preceding and succeeding paragraphs are hereby incorporated by reference as if set forth fully herein.

[25]    The Defendants are obligated to pay for the above-mentioned repairs to the storm damaged automobiles under the relevant provisions of the Contract.

[26]    The Defendants breached the Contract as they have failed to pay the damages incurred by Plaintiffs to repair the automobiles despite due demand.

[27]    Plaintiffs have been damaged in the difference of what was paid and the policy limits, plus interest, as a direct result of Defendants' breach.

## COUNT II – NEGLIGENCE

[28]    The allegations of the preceding and succeeding paragraphs are hereby incorporated by reference as if set forth fully herein.

[29]    The Defendants acted negligently by the following actions and/or inactions:

   a. Failing to respond to verbal requests and correspondence in a timely manner;

   b. Failing to properly and timely adjust this case consistent with insurance industry

standards;

    c.  Failing to provide any reasonable basis for denying payment on this claim over one and a half years after the storm;

    d.  Failing to meet its duty owed to the Plaintiffs to engage in good faith and fair dealings; and

    e.  Acting or failing to act in a manner that will establish negligence, which will be proven through discovery or at trial on the merits.

[30]    Through their client relationship, Defendants owed a duty to Plaintiffs which was breached.

[31]    As a result of Defendants' breach, Plaintiffs' have been damaged as a direct result of Defendants' actions and/or inactions in an amount in excess of $50,000.00 and to be proven at trial.

## COUNT III – SPECIFIC PERFORMANCE

[32]    The allegations of the preceding and succeeding paragraphs are hereby incorporated by reference as if set forth fully herein.

[33]    The Defendants entered into the Contract with Plaintiffs wherein it clearly and expressly agreed to provide insurance coverage for the storm damages to Plaintiffs' automobiles.

[34]    The Plaintiffs, in turn, paid the Defendants' substantial premiums in consideration for the agreed upon theft coverage.

[35]    The Plaintiffs have suffered damages as a proximate and direct result of Defendants' failure to provide coverage.

[36]    The Plaintiffs have performed their end of the bargain and are accordingly now

entitled to specific performance of the Contract by Defendants.

[37]   The Plaintiffs therefore request that the Court require the Defendant to specifically perform their duty under the Contract.

## COUNT IV – UNJUST ENRICHMENT

[38]   The allegations of the preceding and succeeding paragraphs are hereby incorporated by reference as if set forth fully herein.

[39]   Despite realizing substantial premium payments from the Plaintiffs, the Defendants have withheld the insurance proceeds owed to the Plaintiffs for the storm damage to their insured automobiles.

[40]   The Defendants, therefore, have been unjustly enriched at the expense of the Plaintiffs.

## COUNT V – INSURANCE BAD FAITH

[41]   The allegations of the preceding and succeeding paragraphs are hereby incorporated by reference as if set forth fully herein.

[42]   The Defendants, as is their general business practice, breached their duty of good faith and fair dealing, as well as their affirmative duty to adjust claims fairly and promptly, and to make a reasonable effort to settle claims with Plaintiffs.

[43]   As a direct and proximate result of Defendants' bad faith pertaining to the Contract, Plaintiffs have incurred damages.

## PRAYER FOR RELIEF

[44]   **WHEREFORE**, Plaintiffs prays for judgment as follows:

(A)   In favor of Plaintiffs and against Defendants as to Plaintiffs' damages, in addition to accruing prejudgment interest, costs and attorneys' fees as allowed by law;

7

(B)     Such other and further relief as the Court may deem just and proper under the circumstances and applicable law.

## JURY DEMAND

[45]   A JURY OF 12 (OR THE MAXIMUM ALLOWED BY LAW) IS DEMANDED.


Dated this 17th day of September, 2018.


Ryan C. McCamy (ND ID # 06420)
CONMY FESTE LTD
406 Main Avenue, Suite 200
P.O. Box 2686
Fargo, North Dakota 58108-2626
T. 701-293-9911
rmccamy@conmylaw.com

8

IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| | |
|---|---|
| Reliance Leasing Inc., Reliance Aviation, Reliance Rentals LLC, dba Avis Rent A Car & Budget Rent A Car & Payless Rent A Car, | Case No.: |
| Plaintiffs, | **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL** |
| vs. | |
| GMI Insurance, National Interstate Insurance Company, | |
| Defendants. | |

STATE OF NORTH DAKOTA )
                        ) ss.
COUNTY OF CASS )

[¶1] Krystal Schuldheisz, being duly sworn, deposes and states that she served the attached:

        1.)    **Summons; and**
        2.)    **Complaint.**

On September 17, 2018

upon the following individual and/or entity, by placing a true and correct copy thereof in a certified mailed envelope addressed to the following:

Arthur J. Gonzales
3250 Interstate Drive
Richfield, OH 44286

Mark Trudell
PO Box 701
Valley Forge, PA 19482

Mark Trudell
99 Starr St.
Phoenixville, PA
19460

and by depositing the same, with certified postage prepaid, in the United States mail at Fargo, North Dakota.

                                                   Krystal Schuldheisz

Subscribed and sworn to before me this 17th day of September, 2018.

                                                 Notary Public
                                                 State of North Dakota

ANN KARSKY
Notary Public
State of North Dakota
My Commission Expires Nov. 15, 2022

(SEAL)